UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PACIFIC PREMIER BANK, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-0784-B |
| | § | |
| DRAGONITE INC., | § | |
| | § | |
|    Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Pacific Premier Bank's Motion for Summary Judgment (Doc. 15). For the reasons stated below, the Court **GRANTS** the motion.

### I.

### BACKGROUND[1]

This is a breach-of-guaranty action by Plaintiff Pacific Premier Bank ("PPB") against Defendant Dragonite, Inc. ("Dragonite"). On June 1, 2015, Dragonite executed a guaranty agreement with PPB in which Dragonite agreed to serve as guarantor for the debt of a third party, DzineSquare, Inc. ("DzineSquare"). Doc. 19, Pl.'s App., 33.

At the time of the execution of the guaranty, DzineSquare had executed agreements with PPB, its lender, for two promissory notes. The first note ("Note 1") is in the amount of $2,000,000. *Id.* at 18. Note 1 requires DzineSquare to pay monthly interest and to pay the balance of outstanding principal and interest by October 1, 2019. *Id.* at 3, 18, 37. The other note ("Note 2"), which is for

---

[1] The Court draws the facts from the summary-judgment record.

$500,000, requires DzineSquare to make monthly payments of $7,085.16, and it provides that the outstanding balance on principal and interest is due on July 1, 2022. *Id.* at 29.

On November 15, 2019, PPB sent DzineSquare a notice of default and demand for payment of balances owed under Notes 1 and 2. *See id.* at 37–39. After DzineSquare failed to pay the amounts owed, PPB filed an action in this Court against Dragonite to enforce Dragonite's guaranty agreement. *See generally* Doc. 1, Compl. A few days later, PPB filed another action in California seeking, among other relief, to seize collateral subject to a security agreement pertaining to the Notes and enforce guaranty agreements made by other guarantors of the Notes. Doc. 25, Def.'s App., Ex. A, 5, 7, 27.

PPB moved for summary judgment on its breach-of-guaranty claim pending in this Court on December 4, 2020. *See generally* Doc. 15, Pl.'s Mot. In its motion, PPB asserts that Dragonite, as of the date of the motion, owes PPB $1,481,980.29 on Note 1, $204,728.96 on Note 2, and reasonable attorneys' fees and costs incurred in enforcing the guaranty. *See* Doc. 16, Pl.'s Mot. Br., 5. PPB's motion is ripe for review, and the Court considers it below.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The summary-judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab'ys*, 919 F.2d 301, 303 (5th Cir. 1990). Usually, this requires the movant to identify "those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quotation marks omitted).

Once the summary-judgment movant has met this burden, the burden shifts to the non-movant to "go beyond the pleadings and designate specific facts" showing that a genuine issue exists. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (per curiam) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (citations omitted). Instead, the non-moving party must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis in original) (quotation marks omitted).

"[C]ourts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary[-]judgment motion." *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alterations incorporated) (quotations marks omitted). But the Court need not "sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citation and quotation marks omitted). If the non-movant is unable to make the required showing, the Court must grant summary judgment. *Little*, 37 F.3d at 1076.

### III.

### ANALYSIS

A.  *PPB Is Entitled to Summary Judgment on its Breach-of-Guaranty Claim.*

PPB moves for summary judgment on its breach-of-guaranty claim. To recover on a

breach-of-guaranty claim under Texas law,[2] the plaintiff must show: "(1) the existence and ownership of the guaranty contract; (2) the terms of the underlying contract secured by the guaranty; (3) the occurrence of the conditions upon which liability is based; and (4) the failure or refusal to perform the promise by the guarantor." *CSFB1998-C2 TX Facilities, LLC v. Rector*, 2016 WL 631923, at *2 (N.D. Tex. Feb. 16, 2016) (citing *Lee v. Martin Marietta Materials Sw., Ltd.*, 141 S.W.3d 719, 720 (Tex. App.—San Antonio 2004, no pet.)). PPB's undisputed summary-judgment evidence establishes all four elements.

First, PPB has provided evidence of a guaranty agreement between PPB and Dragonite in which Dragonite agreed to serve as a guarantor of the Notes held by PPB. *See* Doc. 19, Pl.'s App., 33. Dragonite does not challenge the validity of this agreement. *See generally* Doc. 24, Def.'s Resp. Br.

Second, PPB provides the terms of the underlying Notes and their accompanying agreements. *See* Doc. 19, Pl.'s App., 18–20 (Note 1); *id.* at 29–32 (Note 2); *id.* at 7–17 (Note 1 Agreement); *id.* at 21–28 (Note 2 Agreement). Pursuant to the terms of Note 1 and its modifications, DzineSquare was required to make monthly payments and pay the outstanding balance on the principal, as well as all unpaid interest, by October 1, 2019. *See id.* at 18, 37; *see also id.* at 3. Note 2's terms require DzineSquare to make monthly payments on principal and interest beginning on August 1, 2015, and continuing through July 1, 2022, at which point the outstanding balance of principal and interest would become due. *Id.* at 3, 29. Both Note 1 and Note 2 state that the "fail[ure] to make any

---

[2] PPB relies upon Texas law in its briefing, *see* Doc. 16, Pl.'s Br., 8, and Dragonite does not dispute that Texas substantive law applies. *See generally* Doc. 24, Def.'s Resp. Br. Thus, the Court assumes Texas law governs PPB's claim.

payment when due" constitutes default. *Id.* at 3, 18, 29. Further, the Notes permit PPB to accelerate the balance of the principal and interest upon DzineSquare's default. *Id.* at 19, 30.

Third, PPB has presented evidence that PPB provided DzineSquare (and Dragonite) with a notice of default with respect to Note 1 and 2 and demanded payment. *Id.* at 37–38. Based on PPB's summary-judgment evidence, DzineSquare failed to cure the default and still has not paid the amounts owed in full. *See id.* at 4. DzineSquare's default triggers Dragonite's obligation under the guaranty agreement, which states that Dragonite "absolutely and unconditionally guarantees full and punctual payment and satisfaction of the [i]ndebtedness of" DzineSquare to PPB. *Id.* at 33. Dragonite has not pointed to any evidence contesting DzineSquare's default or Dragonite's obligation under the guaranty agreement. *See generally* Doc. 24, Def.'s Resp. Br., 6 (conceding DzineSquare's default), 9 (contesting the *amount* Dragonite owes under the guaranty).

Fourth, PPB provides uncontroverted evidence that Dragonite has not paid DzineSquare's debts under Note 1 and Note 2 despite receiving the notice of default and demand for payment. Doc. 19, Pl.'s App., 4. Moreover, PPB's uncontested summary-judgment evidence indicates that Dragonite has not paid PPB's attorneys' fees, despite the guaranty agreement's provision stating that Dragonite "agrees to pay upon demand all of [PPB's] . . . attorneys' fees and [PPB's] legal expenses, incurred in connection with the enforcement of th[e] Guaranty." *Id.* at 35.

In light of PPB's evidence and Dragonite's failure to provide evidence contesting its liability, PPB has demonstrated that it is entitled to judgment as a matter of law on its breach-of-guaranty claim.

B.   *Neither Dragonite's Affirmative Defenses Nor the California Action Create a Genuine Issue of Material Fact.*

Though Dragonite appears to concede its obligations under the guaranty, it contests its amount of liability under the guaranty agreement. Doc. 24, Def.'s Resp. Br., 7. Specifically, Dragonite provides evidence that PPB commenced a civil action against other guarantors of Note 1 and Note 2 in California. *See generally* Doc. 25, Def.'s App., Ex. A. Dragonite argues that this concurrent litigation, along with Dragonite's "affirmative defenses of offset and the failure to join a necessary or indispensable party," creates a "genuine issue[] of material fact as to the amount of damages and liability" Dragonite faces. Doc. 24, Def.'s Resp. Br., 7. Dragonite appears to argue that because it was not joined as a defendant in the California litigation, the guarantors of DzineSquare's debt could face inconsistent obligations. *See id.* at 8. Due to this potential for inconsistency, Dragonite urges the Court to refrain from awarding PPB damages before the California litigation concludes. *Id.* at 9.

The Court holds that Dragonite has not created a genuine issue of material fact precluding judgment in favor of PPB on the breach-of-guaranty claim.

As a preliminary matter, Dragonite fails to explain how its affirmative defenses of offset and failure to join a necessary party apply to the facts of this case; rather, Dragonite merely mentions the defenses in passing. *See, e.g., id.* at 8. Further, the affirmative defenses do not apply here. "Offset . . . is a form of equitable counterclaim which brings together obligations of parties opposing each other and, by judicial action, makes each obligation extinguish the other[.]" *Balfour Beatty Rail, Inc. v. Kan. City S. Ry. Co.*, 173 F. Supp. 3d 363, 406 (N.D. Tex. 2016) (quotation marks omitted) (quoting *Cap. Concepts Props. v. Mut. First, Inc.*, 35 F.3d 170, 175 (5th Cir. 1994)). Dragonite has not pointed to any debt PPB owes Dragonite that could offset Dragonite's obligation to PPB. And with respect to

the failure to join a necessary party, Dragonite fails to identify a party that PPB failed to join in this action; instead, Dragonite simply argues, with no legal support, that Dragonite should have been joined in the California action. *See* Doc. 24, Def.'s Resp. Br., 8.

In any event, the language of Dragonite's guaranty agreement appears to foreclose both of these defenses: Dragonite expressly agreed that: (1) PPB "can enforce th[e] Guaranty against [Dragonite] even when [PPB] has not exhausted [PPB's] remedies against anyone else obligated to pay the [i]ndebtedness," and (2) it would pay PPB "without set-off or deduction or counterclaim[.]" Doc. 19, Pl.'s App., 33; *see also Burger King Eur. Gmbh v. Groenke*, 2015 WL 6751121, at *9 (N.D. Tex. Nov. 5, 2015) ("A guarantor has no right to assert setoffs as defenses where setoff is waived by the guaranty." (citation omitted)).

Affirmative defenses aside, insofar as Dragonite suggests that the California action against other guarantors creates a material fact issue as to the amount Dragonite owes PPB in light of the other guarantors, this argument fails. Under Texas law, the holder of a note may obtain a judgment against a guarantor of the note "for the unsatisfied amount of the deficiency regardless of any uncollected judgments against any other guarantor." *Burchfield v. Prosperity Bank*, 408 S.W.3d 542, 548 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Thus, where the holder has not actually collected more than the amount owed on the note, there is no double-recovery issue precluding the entry of judgment against a single guarantor. *See id.* at 549.

Here, Dragonite has not suggested that other parties have already paid any amounts due under Note 1 and Note 2. *See generally* Doc. 24, Def.'s Resp. Br. Thus, Dragonite's argument is "premature." *See Ally v. Bank & Tr. Of Bryan/Coll. Station*, 2012 WL 662324, at *11 (Tex. App.—Waco Feb. 29, 2012, no pet.) (rejecting a guarantor's argument that a judgment against him

would be improper due to a preexisting judgment against another guarantor for the same debt).

Overall, because Dragonite does not create a fact issue with respect to its liability under Note 1 and Note 2, the Court **GRANTS** summary judgment in favor of PPB on its breach-of-guaranty claim.[3]

C.  *The Court Awards PPB Damages and Attorneys' Fees.*

Finally, given that there is no genuine issue of material fact regarding PPB's right to enforce Dragonite's guaranty, the Court turns to damages.

PPB submits an affidavit indicating that as of December 4, 2020, Note 1 has an outstanding balance of $1,481,980.29. Doc. 19, Pl.'s App., 4. Likewise, the affidavit states that Note 2 has an outstanding balance of $204,728.96. *Id.* Accordingly, as of December 4, 2020 (the date PPB filed its summary-judgment motion), PPB seeks $1,686,709.25 in damages, excluding attorneys' fees and costs. Doc. 16, Pl.'s Mot. Br., 10.

Additionally, according to the uncontested affidavit, Note 1 accrues interest of $363.48 per day, and Note 2 accrues interest of $26.88 per day. Doc. 19, Pl.'s App., 4. So the Court will calculate prejudgment interest incurred from December 5, 2020, to March 29, 2021, based on these per diem rates. The Court will also award postjudgment interest pursuant to the applicable federal rate under 28 U.S.C. § 1961. *See Branch Banking & Tr. Co. v. Mansfield Barbecue, LLC*, 2019 WL 5684430, at *3 (N.D. Tex. Oct. 31, 2019) (awarding postjudgment interest based on federal law in a diversity action).

---

[3] For the same reasons, the Court rejects Dragonite's suggestion that because PPB "could have" or "should have" joined Dragonite as a defendant in the California action, its failure to do so prevents "a single, uniform outcome" and thereby warrants the denial of summary judgment. *See* Doc. 24, Def.'s Resp. Br., 6, 8.

Finally, the guaranty agreement permits PPB to recover attorneys' fees and costs associated with enforcing the guaranty. Doc. 19, Pl.'s App., 35. PPB attached a declaration from its lead attorney detailing the amount of hours spent litigating this case, the billing rate applied to these hours, and the costs associated with enforcing the guaranty. *See id.* at 40–52.

Based on the Court's review and Dragonite's failure to argue otherwise, the Court concludes PPB's attorneys' fees and costs are reasonable. First, PPB's attorneys' blended hourly rate of $310, *see id.* at 41, is reasonable, given that the attorneys working on the case included one partner with thirty-eight years of experience in commercial litigation and two associates. *See id.* at 40–41. Further, 51.6 hours is a reasonable amount of time to spend litigating this case, *see id.* at 41, and the billing entries detailing these hours appear to be reasonable. *See id.* at 43–52. Finally, PPB's attorneys' claimed expenses of $1,921.29 appear reasonable. *See id.* at 41–42.

In sum, the Court awards PPB: $1,686,709.25 in outstanding principal, interest, and fees on Notes 1 and 2; $44,891.40 in prejudgment interest accrued from December 5, 2020, to March 29, 2021; postjudgment interest at a rate set by 28 U.S.C. § 1961, accruing as of the date of this Order; $15,996.00 in attorneys' fees; and $1,921.29 in costs and expenses.

## IV.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** PPB's motion (Doc. 15) and awards PPB a total sum of $1,749,517.94 plus postjudgment interest at the rate set pursuant to 28 U.S.C. § 1961.

SO ORDERED.

SIGNED: March 30, 2021.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE